## No. 963.

### ALPHONSE TERTROU vs. J. B. COMEAU, SHERIFF, ET AL.

The motion to dismiss on the ground that the amount in controversy does not exceed five hundred dollars can not prevail. It is the value of the property to be sold which is the test of the amount in dispute.

The plea that the order of sale obtained by the administrator is null, because, if the estate is solvent, notice of an application to sell must be given to the heirs, and reasonable notice must be given to the interested parties; and, if insolvent, the administrator, being the trustee of the creditors, his first duty is to them, and all proceedings for the sale of the property must be carried on contradictorily with them, is not well founded.

It was the duty of the administrator to have the property sold if the estate was in debt, and that fact is shown by plaintiff, who claims to be a creditor thereof for a large sum. The orders of sale were necessarily *ex parte*, and no injury can befall the plaintiff in consequence of it. This court does not see in what other way he could be paid.

APPEAL from the Parish Court, parish of St. Martin. *Fournet, J. L. J. Gary.* for plaintiff and appellant. *F. Voorhies & M. Voorhies,* for defendants and appellees.

MORGAN, J. The administrator of the estate of Charles Durand, Jr., obtained an order for the sale of real estate belonging to the succession.

Plaintiff enjoins the sale upon the grounds that he is the holder of notes secured by mortgage on the property, and that it is advertised to be sold under his mortgage; that the order of sale obtained by the administrator is null, because, if the estate is solvent, notice of an application to sell must be given to the heirs, and reasonable notice must be given to the interested parties; because, if the succession is insolvent, the administrator being the trustee of the creditors, his first duty is to them, and all proceedings for the sale of the property must be carried on contradictorily with them, and because the order which forms the basis of the advertisement and of the proposed sale is *ex parte,* and is contrary to the will of the creditors, and would therefore be null.

The injunction was dissolved with damages, and the plaintiff appeals.

47

Appellees move to dismiss the appeal on the ground that the amount in controversy does not exceed five hundred dollars.

It is the value of the property to be sold which is the test of the amount in dispute. The value of the property largely exceeds our appellate jurisdiction. The motion is denied.

On the merits, it is evident that the injunction was properly dissolved. It was the duty of the administrator to have it sold if the estate was in debt, and that fact is shown by plaintiff, who claims to be a creditor thereof in a sum exceeding sixteen thousand dollars.

The orders of sale were necessarily *ex parte*, and we see no injury which can befall the plaintiff by the sale of the property. Indeed, we do not see how else he could be paid.

Defendants ask for damages to be awarded by us. But as damages were awarded below we will only affirm the judgment.

Judgment affirmed.

Rehearing refused.